## ANNA E. FRALINGER *vs.* THEODORE COOKE.

*Power of Municipality Over Streets and Alleys—Grant of Minor Privileges in Streets by Board of Estimates—Notice—Who are Adjoining Owners—Injunction Against Maintenance of Fence Encroaching on Alley.*

When a street is narrowed to a ten-foot alley under a municipal ordinance passed in pursuance of an agreement of all the owners of property abutting on the street, the alley becomes subject to municipal control in the same manner as are other streets and alleys of the city, and there is no reason why one of the abutting owners may not receive from the municipal authorities such privileges as the latter are empowered to grant in streets generally.

Under section 37 of the Charter of Baltimore City, the Board of Estimates is empowered to grant permits for the erection, on streets and alleys of

said city, of bay windows, steps and minor privileges, provided that copies of the application for the same be served upon the adjoining property owners by the applicant before filing the application with the board. *Held,* that this provision as to notice is mandatory, and is not waived by the appearance of an adjoining owner before the Board of Estimates, after it has granted a permit, for the purpose of urging a revocation of the same.

*Held,* further, that the "adjoining property owners" mentioned in said section of the Charter, are those adjoining on the same side of the street for which the privilege is asked, and that it is not necessary to give notice of the application to owners of property on the opposite side of the street.

An owner of property on one side of an alley is not entitled to an injunction against the maintenance of a fence on the opposite side, which extends from one and one-half to three inches over the alley, and was erected without a permit therefor, when it does not appear that the fence caused any special damage to the complainant.

*Decided November 20th, 1908.*

Appeal from the Circuit Court of Baltimore City (ELLIOTT, J.)

The cause was argued before BOYD, C. J., BRISCOE, PEARCE, SCHMUCKER, BURKE, THOMAS, WORTHINGTON and HENRY, JJ.

*Henry Duffy* and *Allan C. Girdwood,* for the appellant.

*Vernon Cook,* for the appellee.

HENRY, J., delivered the opinion of the Court.

The appellant who was the plaintiff below, is the owner of a lot abutting on what was formerly Myers Street, a public highway of Baltimore City, and the appellee is the owner of a lot abutting on the opposite side of the same street. The principal thoroughfare in that section of the city is Fort Avenue, which runs parallel with Myers Street and only about thirty feet distant therefrom. Myers Street was formerly about forty feet wide, but extended only a short distance, connecting Covington Street with Jackson Street, and it was deemed advantageous to the property owners on both sides thereof that it should be narrowed, leaving open only a ten-foot alley way. In pursuance of this plan, the following agreement was made:

"In consideration of the sum of one dollar in lieu of damages and provided the bed of Myers street reverts to me, I hereby agree to grant and assign to the signers of the annexed petition, owners of property binding on Myers street from Covington to Jackson street, according to and in proportion to their respective interest in said property, whether fee simple or leasehold, all my right and interest in a strip of land of the width of their respective lots and with a depth Southerly of seven feet to a ten-foot alley, there situate, for the use of the property binding thereon; and I further agree to move all fences of all the signers of the annexed petition, pave the balance of their yards and pave the said ten-foot alley opposite their said lots.

And I further agree to indemnify and save harmless the said signers of the annexed petition from any loss or damage arising from any assessments for benefit or any other charges whatever.

Witness my hand and seal this———day of Se———, Nineteen hundred and three.

Theodore Cooke. (Seal)."

And the following petition, or recommendation, signed by all the owners of property abutting on the aforesaid street, about twenty in number, including the appellant, was presented to the Mayor and City Council of Baltimore City:

"We, the undersigned, owners of property on Myers street, hereby recommend that the Mayor and City Council of Baltimore City close said Myers street, upon the following conditions:

1st. That an alley ten-feet wide, located 7 feet South of the Southern outline of our property, be left open for the use of our said property.

2nd. That if the bed of said Myers street, after closing the said street, should revert to Theo. Cooke, the said Theo. Cooke will grant the respective signers the said lots, in lieu of said damages, a strip of land of the width of their respective lots and with a depth of seven feet to the said ten-foot alley, and that the said Theo. Cooke shall move our fences, pave the balance of our yards and pave the said ten-foot alley, and further agree to indemnify and save harmless the undersigned from any loss or damage arising from any assessments for benefits, or any other charges whatever."

Acting upon the recommendation, Myers street was closed

by the City Council, leaving open an alley way ten feet wide as aforesaid. The appellee fulfilled all the terms of the agreement, on his part to be performed, but it is charged in the Bill of Complaint, hereinafter referred to, that he "has lately commenced the erection of a store and dwelling at the Southeast corner of Covington street and the ten-foot alley laid out in accordance with the agreement, and has encroached on said alley in no less than seven different places, namely:

Bay window at corner, one foot on said alley, base of side bay window, six and one-half inches in the alley, and the total projection above ground, three feet three inches;

One doorway with step in alley.

Three cellar areaways, each one foot one inch on alley and running three feet three inches.

Fence from one and one-half to three inches in alley."

The appellant filed her bill of complaint in the Circuit Court for Baltimore City, seeking to enjoin the completion of said building, with the encroachments in the alley as aforesaid. The Court directed the injunction to issue, and the appellee, the defendant below, after answering the bill, moved for the dissolution of the injunction. Testimony was taken, and at the hearing the Court dissolved the injunction, and from such order of dissolution an appeal has been taken to this Court.

The testimony shows that the appelleee obtained permits, executed in the usual form, from the Board of Estimates for the erection of all the alleged encroachments on the alley, except the fence, paying therefor the amounts charged by the city for such privileges, but that no copy of the application was served upon the appellant before the filing of the same with the Board of Estimates, though after the granting of the permits, the appellant's attorney appeared before the said board and urged the revocation of the same, and that notwithstanding such protest the board declined to revoke them.

By the Charter of Baltimore City, the Mayor and City Council are given ample power over the streets, bridges, lanes, alleys and thoroughfares of the city, and the Board of Estimates, by section 37 of said Charter, is given power to

grant upon application permits for the erection on said streets and alleys of "bay windows, hitching posts, areaways, steps, storm-doors," &c., all of which are denominated as minor privileges, "provided, however, that copies of said application be served upon the adjoining property owners by said applicant before filing said application before said board."

It is obvious that when Myers street, originally forty feet wide, was narrowed to a ten-foot alley, in pursuance of the agreement and recommendation above set forth, the alley became subject to municipal control in the same manner as other streets, lanes and alleys of the city. There is nothing in the proceedings for closing the street, nor in the agreement of the appellee to indicate a different purpose, or that such alley should become the private property of the abutting owners. It became subject to the same regulations and uses, under city control, as the original street was, and there is no contractual relation between the parties hereto which would forbid the appellee or any other person, owning property thereon, from applying for and receiving such privileges as respects the alley way as the city had the right to grant.

The primary and essential character of the alley as a highway being undisturbed and the right to grant the franchises specified being conceded, the point is made that the permits were unlawful because no copy of the application was served upon the appellant before it was filed with the Board of Estimates as called for by the Charter of the City. We cannot adopt the view suggested by the appellee that this requirement as to notice was merely directory, or that the subsequent appearance of Mrs. Fralinger, by attorney, before the Board of Estimates and the action of the board on the protest then made was equivalent to notice previously given. In this connection, we may adopt the language of the Court in the case of *Baltimore City* v. *Poole,* in 97 Md. 71: "The section contemplates a hearing before action is taken, when the mind is open and unbiased, and not after action when an *ex parte* conclusion has been reached and the natural and inevitable disposition to sustain the position taken has been aroused."

But we think the solution of the difficulty turns upon the point as to whether the appellant, whose property abutted on the same street as that of the appellee and directly opposite thereto, was an adjoining property owner within the meaning of the law. While the record does not show as to whether the fee of the street, which separates their properties, is owned by the city or the appellee, yet, if it should appear that it belonged to the latter, subject to the public easement, it would be extremely technical and would be straining the law beyond a reasonable construction to hold that the two properties adjoined. We think this section is soundly interpreted by the Board of Estimates, in holding that it refers to property adjoining on the same side of the street, and not to property abutting on the same street, but on the opposite side thereof. This interpretation is borne out by the signification of the word "adjoining," which carries with it the idea of actual contact and touch, as well as by the reason of the law itself concerning these privileges which ordinarily only affect the convenience of property owners on the same side. Entertaining this view, we hold that the appellant was not entitled to notice of the application, and that the appellee, being the owner of the adjoining property on each side of the property to be improved, no formal notice was necessary, and that, therefore, the permits mentioned were lawfully granted by the Board of Estimates, and the alleged encroachments were lawfully erected by the appellee. Under these circumstances, we think the principle laid down by this Court in the case of *Garrett* v. *Janes*, 65 Md. 260, cited in both briefs, is applicable. There a structure to be used as a portico was erected by Garrett in front of his residence on Mount Vernon Place, in Baltimore, extending nine feet from the building line, in conformity with a special ordinance of the city relating to Mount Vernon Place, passed by virtue of proper legislative authority. On a bill filed to restrain the erection of such a structure, the Court held that it was lawfully erected, and even if some measure of inconvenience was suffered by the complainant, who was an adjoining property owner, such damage was *damnum absque injuria*, and afforded no case for legal redress.

In the case we are now considering there was no special ordinance respecting Myers street, but the board of Estimates was directly authorized by the Legislature, upon the conditions mentioned in the Act, to grant permits for such privileges as have been hereinbefore enumerated on any street or alley of the city. The encroachments on the alley were lawfully erected by the appellee, and as in our opinion it falls within the decision announced in the *Garrett* v. *Janes case, supra,* it is unnecessary for us to consider the point raised in the briefs and in the argument, as to whether the damage to the appellant was of such a substantial character as to entitle her to the remedy for which the suit was instituted.

But this latter point is involved when we come to consider the fence, for which no permit was obtained, and which extends, according to the testimony, from one and one-half to three inches on the alley. There was no testimony to show that this fence caused the complainant any special damage whatever, either actual or threatened, and it appears from the record that the fence of the appellant also encroached a few inches on the same alley. Both were perhaps unintentionally located, and were apparently unobjectionable, as the appellant herself testifies that the encroachment was imperceptible to her and that she was not aware the fence was on the alley until the survey was made. Certainly it does not inflict upon the complainant such a substantial or irreparable injury as would call for the interposition of a Court of equity. The writ of injunction should not be issued for mere trifling or nominal wrongs. *Cyc.* vol. 1, p. 173; *Fort* v. *Groves,* 29 Md. 188; *Purdy* v. *The Manhattan Electric Railway Co.,* 36 N. Y. St., Reporter 45; *Woodbury* v. *Marine Society,* 90 Maine 17.

*Decree affirmed with costs.*