CHICAGO AND EASTERN ILLINOIS RAILROAD COMPANY *v.* PUBLIC SERVICE COMMISSION OF INDIANA.

[No. 22,649. Filed December 13, 1916.]

RAILROADS.—*Regulations.*—*Powers of Public Service Commission.*—*Statute.*—Under §5533k Burns 1914, Acts 1907 p. 454, providing that a carrier handling freight in carload lots may be required to construct upon its property, and connect with its line, a switch when necessary to accommodate the business of any elevator or mill abutting its line, where there is no space for the proprietor to construct such switch on his property, a railroad company cannot be required by the Public Service Commission to construct a switch for the use of a mill which is separated from the railroad's right of way by a public street, even though there is evidence that the mill owner owns the fee-simple title to the land occupied by the street, since there is nothing in the act to indicate that the legislature intended to use the term "abutting" in any but its ordinary sense of touching, meeting or coming together.

From Vanderburgh Superior Court; *F. M. Hostetter*, Judge.

Action by the Chicago and Eastern Illinois Railroad Company against the Public Service Commission of Indiana. From a judgment for defendant, the plaintiff appeals. *Reversed.*

*Homer T. Dick, John E. Iglehart, Edwin Taylor* and *Eugene H. Iglehart*, for appellant.

*John R. Brill, Frank H. Hatfield* and *John W. Brady*, for appellee.

MORRIS, J.—This is an action by appellant to vacate an order, made in 1912 by the Railroad Commission, requiring appellant to construct a switch. There was a finding and judgment by the trial court in favor of appellee.

The record shows that in 1910 Fred B. Lash owned a flour-mill in the town of Farmersburg, Sullivan county; that the mill was and is now located on the west side of and adjoining First street, a public highway running north and south; that then and now the poles and track of the Terre Haute, Indianapolis and Eastern Traction Company were and are now located on the western half of the street; that appellant's right of way, used in the operation of its railroad between Terre Haute and Evansville, adjoins the east line of the highway, its tracks running north and south. In the year 1910 Lash filed with the commission his petition for an order requiring appellant to construct a switch to a point on its right of way across the street from the mill so as to enable Lash to load and unload cars at such point, he to use an overhead steel conveyor to transfer merchandise across the highway and traction line therein between the mill and cars on the proposed switch. The commission made the order

680          SUPREME COURT OF INDIANA,

Chicago, etc., R. Co. *v.* Public Service Commission—185 Ind. 678.

requested, but it was vacated in 1911 by the superior court of Vanderburgh county. The petition for the order in question was filed in 1912, and avers that Lash contemplates the erection of a storage elevator, connected with his mill, to front on the west line of the street, and that it is proposed to haul in wagons across the street, to and from the switch prayed for, the merchandise to be received and shipped in carload lots; that the mill in existence and the elevator contemplated are, and will be, so located as to leave no space for Lash to construct a switch on his own property, and that it will be necessary to construct the proposed switch on the right of way of appellant. The order made by the commission granting the second petition was assailed in the court below for various reasons, including the one asserted that the mill does not abut on appellant's line or right of way and, that, because thereof, the commission was without lawful power to make the order. The same proposition is urged here. There was evidence which warranted the trial court in finding that Lash owns the fee-simple title to the land burdened by the street and traction line easements.

If the commission had jurisdiction to make the order, its power was derived from §3, clause "k", of the Railroad Commission Act of 1905, as amended in 1907. Acts 1907 p. 454, §5533, cl. k, Burns 1914. So much of the subdivision of the section as is pertinent here, reads as follows: "Every such carrier engaged in handling freight in carload lots may be required, upon application therefor by the party having use for the same, to construct upon its property and properly connect with its line, when the same can be done with safety and is reasonably necessary, all siding, switch, spur or turnout tracks, necessary to accommodate the business of any elevator

mill, * * * that is now or may hereafter be constructed *abutting its line*, and where there is no space for the proprietor thereof to construct the same on his property. * * * (Our italics.)

It is contended by appellant that Lash's mill does not abut on appellant's right of way, since a public street intervenes between the structure and appellant's line, and that consequently the order is not within the statutory power conferred on the commission, and we are of the opinion that such contention should prevail. The word "abutting", as commonly understood, means a touching, meeting, or coming together. 1 C. J. 376. A legislative purpose, shown by the context of a statute, should not be defeated by mere blind adherence to definitions of words found in dictionaries, however reputable. *Spickerman* v. *Goddard* (1914), 182 Ind. 523, 107 N. E. 2, L. R. A. 1915C 513. Here, however, the dominant purpose of the legislature was most likely the elimination of unnecessary expense and labor in loading and hauling by wagons or trucks, manufactured and other products, in carload lots, between mill or factory and the established place for loading and unloading cars. Such purpose would not be subserved by the order in question. The only saving here, as shown by the record, would be in the length of the wagon haul by reducing it from a quarter of a mile to about forty feet. We are satisfied that there is nothing in the act which would warrant us in ascribing to it a legislative purpose substantially broader than that indicated by the word "abutting" when given its ordinary meaning. *Indianapolis, etc., R. Co.* v. *Capitol Paving, etc., Co.* (1899), 24 Ind. App. 114, 118, 54 N. E. 1076; *Millan* v. *City of Chariton* (1910), 145 Iowa 648, 124 N. W. 766; 25 Am. and Eng. Ency. Law (2d ed.) 1190; *Northern Pacific R. Co.* v.

*Douglas County* (1911), 145 Wis. 288, 130 N. W. 246; *Kneebs* v. *Sioux City* (1912), 156 Iowa 607, 137 N. W. 944; *City of Springfield* v. *Green* (1887), 120 Ill. 269, 11 N. E. 261; *Holt* v. *City Council, etc.,* (1879), 127 Mass. 408; Bouvier, Law Dictionary; *Lewis* v. *Johnson* (1898), 90 Fed. 673; *Fralinger* v. *Cooke* (1908), 108 Md. 682, 687, 71 Atl. 529.

Judgment reversed, with instructions to grant appellant's motion for a new trial.

Spencer, J., not participating.

Note.—Reported in 114 N. E. 414. Discussion of powers of public service commission to compel building of side tracks by railroad companies, Ann. Cas. 1915D 210.