[L. A. No. 5224. Department Two.—August 20, 1919.]

EDWIN T. EARL, Respondent, v. L. A. DUTOUR et al., Appellants.

[1] DEED—USE OF WORD "LOT"—ADJACENT STREET NOT INCLUDED.— However clearly it may appear that the owner of a lot holds title to the center of an adjoining street, subject to the public easement, and that the boundary of the lot is technically, therefore, the center of the street, in view of the fact that the owner of such lot or land has no right to the possession or occupancy of any portion of such public street, the word "lot" as generally and customarily used does not include such portion of the street.

[2] ID.—MEANING OF TERMS "LOTS" AND "STREETS."—The term "lots" in its common and ordinary meaning includes that portion of the platted territory measured and set apart for individual and private use and occupancy, while the term "streets" means that portion set apart and designated for the use of the public, and such is the sense in which such terms will be presumed to have been used, unless it be made to appear that a contrary meaning was intended.

[3] ID.—USE OF WORD "LOT"—PRESUMPTION.—In the absence of any circumstance indicating that a more unusual and technical meaning of the word "lot" was contemplated and intended by the grantor, it will be presumed that the grant of a fractional part or of a given number of feet of a certain lot or parcel of land conveys the given fractional part or number of feet of that portion of the lot or parcel of land which is set apart for private use and occupancy.

[4] ID.—CONSTRUCTION OF DEED—REFERENCE TO MAP—USE OF WORD "LOT"—ORDINARY MEANING—PRESUMPTION NOT REBUTTED.—A deed to the "westerly one-half of lot 17 of the Hilliard Tract, as per amended map" of record, which map indicated that the western boundary of the lot was the center line of an avenue, does not rebut the presumption that the grantor used the word "lot" in its ordinary and commonly accepted meaning, but tends to show no more than an intention that the grantee should take title to the center of the avenue.

APPEAL from a judgment of the Superior Court of Los Angeles County. Fred H. Taft, Judge. Reversed.

The facts are stated in the opinion of the court.

W. J. Ford and W. Leroy Thomas for Appellants.

Anderson & Anderson for Respondent.

LENNON, J.—This appeal is from a decree quieting plaintiff's title to a strip of land fifteen feet wide adjacent to the center line of lot 17 of the Hilliard Tract in the county of Los Angeles.

Plaintiff and defendant own, respectively, the easterly and westerly halves of lot 17, and the sole question in dispute is whether the center line of the lot forms the eastern or western boundary of the strip of land in suit. The answer to this question depends upon the construction to be placed upon the word "lot" in the deed by which was conveyed to defendants the "westerly one-half of lot seventeen (17) of the Hilliard Tract, as per amended map recorded in book 43, page 64, miscellaneous records of said county."

Inasmuch as the map referred to clearly indicates that the western boundary of lot 17 is the center line of an avenue sixty feet in width, it was contended on behalf of plaintiff and held by the trial court that the thirty-foot strip covered by the street was part of the "lot" within the meaning of

the deed and that, therefore, the eastern boundary of defendants' land was a line halfway between the center line of the avenue and the eastern boundary of lot 17.

With this conclusion we are unable to agree. [1] However clearly it may appear that the owner of a lot holds title to the center of an adjoining street, subject to the public easement, and that the boundary of the lot is technically, therefore, the center of the street, in view of the fact that the owner of such lot or land has no right to the possession or occupancy of any portion of such public street, we are of the opinion that the word "lot," as generally and customarily used, does not include such portion of the street. *Wegge v. Madler*, 129 Wis. 412, [116 Am. St. Rep. 953, 109 N. W. 223].) As stated by the supreme court of Indiana, "Lot and street are two separate and distinct terms, and have separate and distinct meanings. [2] The term 'lots' in its common and ordinary meaning, includes that portion of the platted territory measured and set apart for individual and private use and occupancy. While the term 'streets' means that portion set apart and designated for the use of the public, and such is the sense in which such terms will be presumed to have been used, unless it be made to appear that a contrary meaning was intended." (*Montgomery v. Hines*, 134 Ind. 221, 225, [33 N. E. 1100].)

[3] In the absence, therefore, of any circumstance indicating that a more unusual and technical meaning of the word "lot" was contemplated and intended by the grantor, it will be presumed that the grant of a fractional part or of a given number of feet of a certain lot or parcel of land conveys the given fractional part or number of feet of that portion of the lot or parcel of land which is set apart for private use and occupancy.

Plaintiff contends that the circumstances revealed by an analysis of the map referred to in the deed indicates that the defendants' grantor used the word "lot" as including the portion lying in the street as well as the portion set apart for private use. These circumstances are stated as follows: "First—The length of all lot lines is given in chains on the face of the map, and extend to the center of the avenues in front. The widths of the streets are not given on the map itself, but are stated in the legend on the map, such width being given in feet; Second—The side lot lines them-

selves are extended by dashed lines to the centers of the avenues in front; Third—The gross area is given in acreage marked on each lot; Fourth—The center line of each avenue is marked on the map by a dashed line which is intersected in nearly all instances by dashed lines extending the heavy lines of the lots to the center of the avenues." [4] Giving to these items all the force which may reasonably be claimed for them, they tend to show no more than that it was intended that lot owners in the Hillard Tract should take title to the center of the streets or avenues. They do not, we think, tend in any way to rebut the presumption that defendants' grantor used the word "lot" in its ordinary and commonly accepted meaning. Of no greater force, in our opinion, is the fact that the deed in question conveyed one-half of the water right appurtenant to lot 17, the same having originally been allotted on the basis of acreage including the portion of the lot lying in the street. It follows that the presumption stands unrebutted.

The judgment appealed from is reversed.

Wilbur, J., and Melvin, J., concurred.

Hearing in Bank denied.

All the Justices concurred.