[Civ. No. 995. Fourth Appellate District.—December 7, 1932.]

JAMES H. HUNTER et al., Appellants, v. THE ROMAN CATHOLIC BISHOP OF LOS ANGELES AND SAN DIEGO (a Corporation Sole) et al., Respondents.

James S. McKnight and John L. Rush for Appellants.

J. Wiseman MacDonald for Respondents.

MORTON, J., *pro tem.*—Plaintiffs brought this action against defendants for an injunction preventing the alleged violation of building restrictions. After sustaining defendants' demurrer to plaintiffs' complaint without leave to amend and denying plaintiffs' motion for a temporary injunction, the trial court entered a judgment dismissing the action with costs, from which plaintiffs appeal.

It appears that plaintiffs' lot, known as lot 4 of tract 4464 and located on the southwest corner of Eighth and Cochran Streets in the city of Los Angeles, is improved with a one-story stucco residence. The other lot, known as lot 3 of the same tract, is located on the northwest corner of Eighth and Cochran Streets and on this lot defendants are building a two-story class A, reinforced concrete school building. Plaintiffs' lot is bounded on the north by Eighth Street and defendants' lot is bounded on the south by Eighth Street.

By this action plaintiffs sought to restrain and enjoin defendants from constructing any building other than a residence on lot 3 in accordance with the restrictions of the deed, which are as follows: "It is provided and covenanted with a covenant running with the land herein conveyed that this conveyance is made and accepted upon each of the following conditions, which shall apply to and be binding upon the grantee, his heirs, devisees, executors, administrators, and assigns, namely: . . . That said premises shall be used for residence purposes only; that no apartment house, double house, flat, lodging house, hotel, store, nor any building or structure whatever other than a first-class private residence with the accustomary outbuildings, including a private stable, shall be erected, placed or permitted on said premises or any part thereof; that such residence shall cost and be fairly worth not less than Sixty-Five Hundred Dollars ($6,500.00), and shall not (nor shall any porch or projection therefrom, except steps) be located less than 30 feet from the front property line of said premises, . . . And ·as

to the owner, and the heirs, devisees, executors, administrators, and assigns of any other lot or lots in said Tract No. 4464 *adjoining the above described premises,* the above mentioned conditions shall operate as a covenant running with the land, for the benefit of *all owners of such adjoining lots in said tract,* their heirs, devisees, executors, administrators, and assigns and the breach of any such covenants or the continuance of any such breach may be enjoined, abated or remedied by appropriate proceedings by any or either of such owners, their heirs, devisees, executors, administrators and assigns.'' Plaintiffs contend that lot 3 was acquired and is held subject to the restrictions aforementioned; that lots 3 and 4 are adjoining; that the erection of the Catholic school building is a violation of the deed restrictions, and that this gives them a valid cause of action.

An examination of the deed as to lot 3 discloses that no reference is made to a general plan, and that the restrictions are for the benefit of the grantor and owners of lots adjoining lot 3. In view of this situation plaintiffs have no cause of action unless lot 4 adjoins defendants' lot 3. To be effectual a general plan or uniform scheme must be recited in the deed. (*Werner* v. *Graham,* 181 Cal. 174 [183 Pac. 945]; *McBride* v. *Freeman,* 191 Cal. 152 [215 Pac. 678].)

Basing their contention on the theory that where land is conveyed by a description which bounds it by a street, the real boundary line is the center of the street and not the side line, plaintiffs maintain that lots 3 and 4 are adjoining lots. (*Anderson* v. *Citizens' Sav. & Trust Co.,* 185 Cal. 386 [197 Pac. 113]; *Porter* v. *City of Los Angeles,* 182 Cal. 515 [189 Pac. 105].)

Respondents have set forth a number of authoritative definitions of the word ''adjoining''. In the case of *Earl* v. *Dutour,* 181 Cal. 58, at 60 [183 Pac. 438, 6 A. L. R. 1163], it appears that the court passed on the point confronting us. Plaintiff and defendant owned respectively the easterly and westerly half of a lot bounded on the west by a street sixty feet in width. The sole question was whether the center line of the lot should be determined by including or excluding the thirty-foot strip covered by one-half the street. The trial court included the thirty-foot strip covered by the street in determining the center line and in reversing the

decision the Supreme Court held: "With this conclusion we are unable to agree. However clearly it may appear that the owner of a lot holds title to the center of an adjoining street, subject to the public easement, and that the boundary of the lot is technically, therefore, the center of the street, in view of the fact that the owner of such lot or land has no right to the possession or occupancy of any portion of such public street, we are of the opinion that the word 'lot' as generally and customarily used, does not include such portion of the street. (*Wegge* v. *Madler,* 129 Wis. 412 [109 N. W. 223, 116 Am. St. Rep. 953].) As stated by the Supreme Court of Indiana, 'Lot and street are two separate and distinct terms, and have separate and distinct meanings. The term "lots" in its common and ordinary meaning, includes that portion of the platted territory measured and set apart for individual and private use and occupancy. While the term "streets" means that portion set apart and designated for the use of the public, and such is the sense in which such terms will be presumed to have been used, unless it be made to appear that a contrary meaning was intended.' (*Montgomery* v. *Hines,* 134 Ind. 221, 225 [33 N. E. 1100].) In the absence, therefore, of any circumstance indicating that a more unusual and technical meaning of the word 'lot' was contemplated and intended by the grantor, it will be presumed that the grant of a fractional part or of a given number of feet of a certain lot or parcel of land conveys the given fractional part or number of feet of that portion of the lot or parcel of land which is set apart for private use and occupancy."

On this same point in a later decision (*Joens* v. *Baumbach,* 193 Cal. 567, at 571 [226 Pac. 400, 401]), the Supreme Court again said: "However clearly it may appear that an owner of a parcel of land holds title to the center of an adjoining roadway subject to a public easement, and that the boundary of the parcel is technically, therefore, the center of the street, in view of the fact that the owner of such land has no right to the possession or occupancy of any portion of such roadway, we are of the opinion that, when a grantor describes his land, as was done in this case, as fronting on the county road, and running 'thence northerly nine hundred (900) feet', it will be presumed that the grant conveys the given number of feet of land which is set apart

for private use and occupancy. (*Earl* v. *Dutour*, 181 Cal. 58, 60 [183 Pac. 438, 6 A. L. R. 1163].)'' In *Fralinger* v. *Cooke*, 108 Md. 682 [71 Atl. 529], the court in effect held that only lots on the same side of the street could be reasonably termed as adjoining properties.

In the instant case respondents point out that it should be noted that the restrictions provide for a thirty-foot setback from the front property line. If the center line of the fifty-foot street is held to be the boundary line, then only a five-foot setback would be required from the street line. Plaintiffs, however, in their complaint set forth, as a breach of the restrictions, that defendants are constructing their building within less than thirty feet from the front property line of said premises *on* Cochran Avenue (now Cahuenga Valley Road). Two' distinct forms of equitable relief are thus sought requiring contrary technical interpretations of the location of the southerly boundary line of lot 3'. Careful consideration of the terms of the deed contract therefore make it clear that the boundary line of lot three is the street line as delineated on the tract maps and the northerly half of the street is not included. Therefore, we hold the lots are not adjoining.

In view of the aforementioned holding it is not necessary to pass upon the insufficiency of the allegations of the complaint to justify the granting of a preliminary injunction.

Judgment of the trial court is affirmed.

Barnard, P. J., and Marks, J., concurred.