No. 31,938

THE STATE OF KANSAS, ex rel. ROLAND BOYNTON, Attorney-general, etc., *Appellant*, v. D. T. BUNTON, ARTHUR TOWLES and W. J. STEVANUS, as the Board of Directors of Fulton School District No. 27 in Bourbon County, L. C. BOYRK and BOB MEEK, *Appellees*.

(40 P. 2d 326)

Opinion filed January 26, 1935.

*Roland Boynton,* attorney-general, *W. C. Ralston,* assistant attorney-general, *Frank O'Brien,* county attorney, *Harry W. Fisher* and *F. W. Bayless,* both of Fort Scott, for the appellant.

*Hubert Lardner* and *Daniel O. Lardner,* both of Fort Scott, for the appellees.

The opinion of the court was delivered by

HARVEY, J.: This is an action to enjoin the members of the school board of a common-school district in which is situated a city of the third class, and which maintains a high school, from using moneys of the school district to employ a person to transport pupils from without the district to its high school, or to pay directly to pupils without the district a sum to provide such transportation. After a hearing on the merits the trial court denied the injunction and rendered judgment for defendants. Plaintiff has appealed.

The facts are not seriously controverted and may be stated as follows: School district No. 27 in Bourbon county is a common-school district, and maintains a high school with a four-year accredited course. Within it is Fulton, a city of the third class, and it sometimes is spoken of as the Fulton school. It is small in area, about one mile square. It appears to be adjoined on all sides by common-school districts, none of which contains a city of the third

class, or maintains a high school. West of Fulton about eight miles is Mapleton, a city of the third class, situated in a common-school district which does not maintain a high school. The school district in which Mapleton is situated does not adjoin the Fulton district— in fact, two other common-school districts are situated between them. It seems the county is authorized and levies a tax to pay the tuition of high-school students residing in a common-school district which does not maintain a high school, to a high school in the county which the pupil attends. This tuition is $108 per year. The year prior to the bringing of this action the Fulton district had received high-school students from adjoining and nearby school districts, perhaps some from Mapleton, which did not maintain high schools. The Fulton district received from the county the tuition for each of such pupils and paid to the pupil a bonus of fifty cents per week for attending its high school, to compensate the pupil in whole or in part for the cost or expense to him of his transportation to the Fulton high school. Shortly prior to the bringing of this action the members of the Fulton school board decided to change this plan to one best described by the testimony of D. T. Bunton, clerk of the school board and one of the defendants. A synopsis of his testimony on this point is as follows:

"It was our intention if this injunction suit had not been started to operate the bus at the expense of district No. 27 and transport students from without the said district to the high school in Fulton. The district was to pay Bob Meek $75 a month for operating the bus; besides this we offered students residing outside of district and not in the bus route fifty cents a week as a bonus for attending the Fulton high school. District No. 27 paid this same bonus to some students last year. We paid this to help pay their cost of transportation. This was paid direct to the students themselves. We made this offer for the district to pay this amount to pupils residing as far south as the Hammond line, six miles south of Fulton, as far east as the Missouri line, two miles north to the Linn county line and as far west as Mapleton, 9 miles. The district board did not adopt any formal resolution, but we talked it over and planned to have Mr. Meek run the bus; we, the district board, agreed to pay Mr. Meek $75 per month to run the bus and transport the students. There are two country school districts intervening between district No. 27 and Mapleton. We were to pay Mr. Meek and he was to bring students to the Fulton high school from Mapleton and along the road. We were going to use public money, the money of the district No. 27, for that purpose. We planned to use a part of the $108 tuition money paid by the county for each outside student attending the Fulton high school."

Mr. Meek testified:

"I am the 'bus man' in this case. Last year we had cars and the children drove them themselves. This year we decided amongst ourselves we would get a bus and Fulton agreed to pay $75 a month. I am now hauling 44 pupils. The children that haul pay nothing in addition to the $75."

There is no contention that any statute authorizes Fulton district to use any of its money, whether received as tuition or otherwise, to pay transportation cost or expenses for nonresident pupils attending its high school, or to pay any of its money to such pupils for attending its school as bonus, or for transportation cost or expense, or for any purpose. All the money of the Fulton district, including what it received for tuition, so far as this record shows, was raised by taxation, and its school board had no authority to use it for a purpose other than that for which the tax was levied and collected. Obviously the trial court was impressed with the desire of all good citizens to educate children and to give them an opportunity to obtain an education, and further by the fact that the legislature has enacted statutes repeatedly providing for payment by the public of cost or expenses of the transportation of pupils to school when suitable schools were not near them. However commendable these motives may be—and they are—we have a department of our government, namely, the legislature, to provide for such use of public money if and when it deems such action proper, and until it does make such provision neither should school officials use the money for a purpose for which it was not levied and collected, nor should courts authorize such use. Chapter 242 of the Laws of 1929 (R. S. 1933 Supp. 72-604) was referred to as illustrative, but it is conceded not to be in point, since it applies to two high-school districts, and here the Fulton district alone has a high school. Appellees, however, do stress R. S. 1933 Supp. 72-605 as being applicable. It reads:

"That the board of education of any city of the third class having a four-year accredited high school may use such public funds of such board of education or such school district for the purpose of transporting high-school students from an adjoining district having a city of the third class and maintaining only a graded school, under such rules and regulations as such board of education or school board may prescribe."

The argument concerning the applicability of this statute centers about the meaning of the word "adjoining" as used in the statute. Adjoin means to be contiguous to; to be in contact with; to abut

upon; and adjoining means contiguous, adjacent, according to the approved usage of the language (Webster's International Dictionary). We are admonished by statute (R. S. 77-201, clause 2) to construe words and phrases according to the context and the approved usage of the language. This is the meaning applied by courts to statutes authorizing acts of cities or districts in adjoining cities or districts. (See *Lower Ind. Creek Dr. Dist. v. Vallery,* 343 Ill. 49, 174 N. E. 842; *Bullock v. Cooley,* 225 N. Y. 566, 122 N. E. 630; *Rehill v. East Newark and Jersey City,* 73 N. J. L. 220, 63 Atl. 81; *Plainfield Water Co. v. Plainfield,* 84 N. J. L. 634, 87 Atl. 448; *Fralinger v. Cooke,* 108 Md. 682, 71 Atl. 529.)

"What is adjoining must touch in some part." (*Baxter v. York Realty Co.,* 112 N. Y. Supp. 455.)

Our own cases construing statutes using the word "adjoining" or "adjacent" and defining those terms are to the same effect: *State, ex rel., v. Kansas City,* 50 Kan. 508, 31 Pac. 1100; *Board of Education v. Jacobus,* 83 Kan. 778, 112 Pac. 612; *City of Hutchinson v. Danley,* 88 Kan. 437, 129 Pac. 163; *Packing Co. v. Insurance Co.,* 94 Kan. 630, 636, 146 Pac. 1175; *Martin v. Lown,* 111 Kan. 752, 208 Pac. 565; *State, ex rel., v. Board of Education,* 128 Kan. 487, 491, 278 Pac. 471.

If the word "adjoining" used in the quoted statute is given its usual and ordinary meaning it has no application to the situation disclosed by the record in this case; for, none of the school districts which adjoin the Fulton district contains a city of the third class. Counsel for appellees realize the force of what we have said and the authorities above mentioned, but point out that the word "adjoining" is sometimes inaccurately used as meaning close to, near to, in the neighborhood or vicinity of, rather than as touching or joining, and cases are cited supporting this view. When the word is so construed the context requires such construction. There is nothing in the context here which requires, or even suggests, the inaccurate use of the word; hence, this line of authorities has no force.

Appellees argue there are so few situations in the state where two cities of the third class are situated in adjoining school districts, one of which maintains an accredited high school and the other does not, that the legislature cannot be presumed to have passed a statute so limited; that such a statute would have so little application throughout the state as to be practically useless. The courts can

indulge in no such presumption. On the other hand, it is well known that our school laws have become complicated by the enactment of statutes needed or wanted by the people of one or a few localities in the state, the statute being so framed as to apply to the situation its promoters had in mind, and not to other situations. In the opinion rendered by the trial court there is a suggestion that the statute in question was sponsored by people in another county and designed to apply to a situation which existed there, but it was thought that by giving to the word "adjoining" the unusual meaning which its context sometimes requires it could be made to apply to the Fulton district. The difficulty with this view is: (1) Nothing in the context authorizes the giving of the inaccurate meaning to the word "adjoining," and (2) such meaning makes the statute so indefinite in its application that the legislature cannot be presumed to have used it in that sense.

Here the school board of the Fulton district determined to construe it to extend over a wide area, across adjoining districts, to include Mapleton, eight or nine miles away. When may the same school board conclude to extend it farther, across other districts, as much as fifteen or twenty miles or more? Or when may some other school board similarly conclude? And what is the guide to determine the soundness of such a conclusion, if made? These and other questions suggest themselves. The legislature has told us what the statute means by using the word "adjoining." If it means something else it is better to let the legislature change the language used.

The judgment of the court below is reversed, with directions to grant the injunction prayed for against the school board and its members.