[S. F. No. 15465. In Bank.—October 30, 1936.]

KATHERINE RUTH HAYES ALLAN, as Administratrix, etc., Appellant, v. CITY AND COUNTY OF SAN FRANCISCO (a Municipal Corporation), Respondent.

Harry G. McKannay, William P. Caubu and Paul B. Gibson for Appellant.

John J. O'Toole, City Attorney, Walter Dold, Chief Deputy City Attorney, and Norman Sanford Wolff, Deputy City Attorney, for Respondent.

CURTIS, J.—Action to quiet title to land situated in the City and County of San Francisco. The land in dispute

formerly constituted a part of Ash and Birch Streets, as shown on a map of the "Hayes Tract", filed for record in the office of the county recorder of said city and county on March 8, 1860. Those portions of said streets lying between Van Ness Avenue and Franklin Street which include the land in controversy were, by resolution of the board of supervisors, duly and regularly passed during the year 1928, vacated and ordered closed. The defendant, the City and County of San Francisco, is now the owner and in possession of all the land lying on either side of the abandoned portions of Ash and Birch Streets and is in the possession and claims to be the owner of all the abandoned portions of said last-named streets. The plaintiff, as the personal representative of the original owner of the Hayes Tract, who subdivided the same and caused the map thereof to be filed for record in the office of the county recorder of said city and county, brought this action to quiet her title to the easterly part of that portion of what was formerly Birch Street, extending westerly from Van Ness Avenue a distance of 109 feet and 9 inches, and also the south half of the easterly part of that portion of what was formerly Ash Street, extending 109 feet and 9 inches westerly from Van Ness Avenue. The defendant City and County of San Francisco filed an answer denying plaintiff's claim of ownership and a cross-complaint in which it asked that its title to said land be quieted. The action was tried by the court without a jury. Findings of fact were made in favor of the defendant upon all the issues presented by the pleadings, and judgment in accordance with said findings was rendered by the court. From this judgment the plaintiff has appealed.

It is conceded that Thomas Hayes was, at the date of the filing for record of the Hayes Tract, the owner of the parcels of land now in dispute. The plaintiff contends that neither Thomas Hayes nor any of his successors in interest ever conveyed the fee to said land to any person whatsoever, and that upon the adoption of said resolution of the board of supervisors of said city and county vacating and abandoning Ash and Birch Streets between Van Ness Avenue and Franklin Street, the land embraced in said streets and involved herein reverted to the estate of Thomas Hayes, deceased. The contention of the respondent, the

City and County of San Francisco, is that the said Thomas Hayes, prior to his death, conveyed to other persons his right, title and interest in and to the land in dispute, and that at the time of his death he was not the owner of said land, or any part thereof or of any interest therein. The respondent rests its contention that the said Thomas Hayes during his lifetime divested himself of all right, title and interest in the said parcels of land upon five grant deeds executed by the said Thomas Hayes during his lifetime to the respective grantees named in said conveyances. Three of these deeds conveyed specific parcels of land fronting respectively upon the parcels of land here in dispute. The respondent contends that by these conveyances the said Thomas Hayes conveyed not only the land specifically described therein by metes and bounds and by lots and blocks, but also the land to the center of the streets in front of said respective parcels of land. We think it unnecessary to discuss the legal effect of said grant deeds, for the reason that we are of the opinion that by the execution and delivery by said Thomas Hayes of two other grant deeds, the said Thomas Hayes divested himself of all right, title and interest in and to the disputed parcels of land. These two last-mentioned deeds were executed on April 30, and recorded on May 1, 1866, one to Henry F. Williams and the other to Charles Mayne. The description in both deeds covers the same property. Williams is deeded an undivided four-fifths and Mayne an undivided one-fifth of the said property. The description in each of said two deeds commences in the following manner: "All the certain pieces of land known as blocks and parts of blocks of Western Addition and designated on the map of what is known as Hayes Tract as follows, to-wit." Then follows the description of a number of separate lots and blocks by number and fractional parts of lots by metes and bounds. The description concludes as follows: "and all the other lots or parts of lots within the limit of said Hayes Tract not heretofore sold or conveyed by the said first party" (Thomas Hayes). The consideration for these conveyances is stated as $80,000 in Williams' deed and $20,000 in Mayne's deed.

The effect of these deeds, we think, was to divest Thomas Hayes of all his interest in the Hayes Tract, including not only his interest in the lots and blocks in said tract which

at the date of the deeds here named were unsold, but also his interest in streets fronting on lots and blocks within said tract, but which lots and blocks had been previously sold by Hayes without disposing of the streets fronting thereon.

"A transfer of land, bounded by a highway, passes the title of the person whose estate is tranferred to the soil of the highway in front to the center thereof, unless a different intent appears from the grant." (Sec. 1112, Civ. Code.) Undoubtedly as to all the lots and blocks specifically described in said deeds by number, the deeds carried the title of the grantees to the center of the street in front of the land conveyed. (*Freelon* v. *Adrian,* 161 Cal. 13, 19 [118 Pac. 220] ; *Thorpe* v. *Los Angeles Gas & Elec. Corp.,* 115 Cal. App. 201, 205 [1 Pac. (2d) 37, 39; 2 A. L. R. 17, note].)

Appellant contends, however, as to those lots and blocks in which Hayes had previously conveyed without including the streets in front of said lots and blocks, his deeds to Williams and Mayne did not pass to these grantees the fee to any part of the streets in front of said lots and blocks. It will be noted, however, that by these deeds Hayes conveyed to Williams and Mayne "all the other lots or parts of lots" not previously sold. Hayes originally owned all the lots in the tract. If by the sale of a lot bordering on a street in the tract, the title of the land to the center of the street passes to the grantee, as we have shown that it did, then the land in the street, subject to the right of the public, was a part of the lot fronting thereon. When, therefore, Hayes conveyed to Williams and Mayne *all parts of lots not previously sold* he conveyed to them his right, title and interest in the streets within the tract which he had not theretofore sold or conveyed to others.

In support of her contention that the deeds to Williams and Mayne did not include the land covered by the streets, the appellant cites *Thorpe* v. *Los Angeles Gas & Elec. Corp., supra,* 115 Cal. App. 201, 204, 205, *Earl* v. *Dutour,* 181 Cal. 58, 60 [183 Pac. 438, 6 A. L. R. 1163], and *In re Dixon,* 120 Cal. App. 635, 637, 638 [8 Pac. (2d) 881]. In the case of *Thorpe* v. *Los Angeles Gas & Elec. Corp., supra,* the defendant agreed to pay the plaintiff $3,500 per acre for certain land which abutted upon public streets. Plaintiff claimed payment for the land so described including

that within the streets, although his title thereto was subject to the use of the streets by the public. In deciding against him the court said, after quoting certain authorities: "The law as indicated by the authorities heretofore stated has to do with determining the area embraced in real estate transactions involving land abutting upon public streets or highways and is a persuasive argument in support of the conclusion of the trial court that the plaintiff should not be paid, except upon conclusive evidence that the parties so intended, for land to which he had no right of use or occupancy in any other degree or manner than is accorded to the public generally."

The two other cases relied upon by appellant are alike in the respect that they each involve the meaning of the term "lot" where property had. been conveyed to or was owned by two persons in severalty, one owning, for instance, the westerly half and the other the easterly half of said lot and where the lot was bounded on its westerly side by a public street. In these cases the court held that the street was no part of the lot, and each owner was entitled to one-half the lot, exclusive of the street. The reason given for adopting this construction is stated as follows: "In the absence, therefore, of any circumstance indicating that a more unusual and technical meaning of the word 'lot' was contemplated and intended by the grantor, it will be presumed that the grant of a fractional part or of a given number of feet of a certain lot or parcel of land conveys the given fractional part or number of feet of that portion of the lot which is set apart for private use and occupancy." (*Earl* v. *Dutour, supra,* p. 60.)

In none of these cases was the direct question involved as to whether a street is a part of the lot abutting thereon.

█ In construing the deeds from Hayes to Williams and Mayne, it will be observed that Hayes conveyed to these grantees all lots, blocks and parts of lots not theretofore sold by him. His intention was evidently to dispose of all his remaining interest in the Hayes Tract. No intention is to be found expressed in either of these deeds, on Hayes' part, to reserve to himself any interest in the streets as shown by the map of said tract. What interest could he have had in said streets after he had dedicated them to the public and had sold all lots and blocks within

the tract? In the case of *Merchant* v. *Grant*, 26 Cal. App. 485, 489 [147 Pac. 484], the court, in discussing the applicability of section 1112 of the Civil Code to the facts of that case, made the following comment:

"The rule is well established that the conveyance of a lot bounded upon a street in a city carries the land to the center of the street. And it was held in *Bissell* v. *New York etc. R. Co.*, 23 N. Y. 61, 'there is no distinction in this respect between streets of a city and county highways'. The rule, it was said, 'seems to be based on the supposed intention of the parties,' and the improbability of the grantor desiring or intending to reserve his interest in the street when he had parted with his title to adjoining land; such intention will never be presumed. (2 Devlin on Real Estate, sec. 1028a, 3d ed.)". Continuing, the court on page 490 observes that: "It would seem to us to be unreasonable to hold that the grantors of Van Alen intended to retain in themselves the ownership of the land included in the highway which could have been of no possible use to them and might result to the serious injury of their grantee. All the circumstances and facts are opposed to any such presumption."

A similar expression is found in the opinion of the Court of Appeals of the State of New York in the case of *Johnson* v. *Grenell*, 188 N. Y. 407 [81 N. E. 161, 13 L. R. A. (N. S.) 551], where the court said: "The grantees of Mrs. Grenell, in this case, had the right to rely upon the application of the rule that a grantor will not be supposed to have reserved the title to the road bounding a grant of lands, if its control ceased to be of importance to him by reason of his having parted with all of his interest in the lands adjoining it."

This court in its decision in *Brown* v. *Bachelder*, 214 Cal. 753, 755 [7 Pac. (2d) 1027], has expressed itself along the same lines in the following statement:

"From a consideration of the description in the deed through which defendant Bachelder claims title to the parcel to the south of the strip in controversy, we are impelled to the conclusion that said deed carried the title of Bachelder to the center line of said 60-foot strip. Section 1112 of the Civil Code provides as follows: 'A transfer of land bounded by a highway passes the title of the person whose estate is transferred to the soil of the highway in front to the center

thereof, unless a different intent appears from the grant.' (See, also, sec. 831, Civ. Code, and sec. 2077, subd. 4, Code Civ. Proc.) That the presumption is highly favored in the law is made clear by the discussion of this court in *Anderson* v. *Citizens' Sav. & Trust Co.*, 185 Cal. 386 · [197 Pac. 113]. The owner and dedicator of the street in the instant case contemplated that it should be reserved to public use. In the event of an abandonment or failure to accept a dedication, a strip of land the width of a street can be of little use to the dedicator who has parted with title to all lands on both sides of the street, as was done by the original dedicator in the instant case, and it will not in such circumstances be presumed that he intended to retain the fee as a remnant of his private estate.''

In view of the principles announced in these authorities as applied to the deeds from Hayes to Williams and Mayne, whereby he sold to them all unsold lots and blocks in the Hayes Tract, it cannot be presumed that he intended to retain the fee to any of the streets in said tract. On the other hand, we think the reasonable inference to be drawn from his disposal of all the lots and blocks in said tract is that he intended by said deeds to convey to the grantees therein named all the right, title and interest then owned by him in said tract of land, which would include any street or streets not previously conveyed by him to other persons.

The judgment is affirmed.

Langdon, J., Waste, C. J., Shenk, J., Seawell, J., and Thompson, J., concurred.

Rehearing denied.