KNUTE ROGNE *et al.*

*v.*

THE PEOPLE *ex rel.* John Goedtner, County Collector.

*Opinion filed December 22, 1906.*

1. SPECIAL ASSESSMENTS—*legality of drainage district organization cannot be attacked on application for sale.* The legality of the organization of a drainage district, admitted to be a *de facto* organization, cannot be questioned upon application for judgment of sale for a delinquent drainage assessment.

2. SAME—*provision requiring notice before letting contract for drainage work is mandatory.* The provision of the statute requiring drainage commissioners to give notice when and where a contract for work to cost over $500 will be let is mandatory, and a non-compliance with such provision may be shown in defense upon application for judgment of sale for an assessment levied to pay for the work.

3. DRAINAGE—*land owners not obliged to resort to the courts to compel commissioners to obey the law.* Owners of land included in a drainage district are not obliged to supervise the acts of the drainage commissioners and resort to the courts to compel compliance with the statute, and if the commissioners fail to give notice of the time and place of letting a contract for work costing over $500, the land owners, by accepting the benefits of the work, are not estopped to raise the objection upon application for judgment of sale for the drainage assessment. (*Givins* v. *People,* 194 Ill. 150, distinguished.)

APPEAL from the County Court of LaSalle county; the Hon. W. H. HINEBAUGH, Judge, presiding.

C. G. FAXON, and BROWNE & WILEY, for appellants.

JAMES J. CONWAY, and HUTTMAN, BUTTERS & CARR, for appellee.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

Appellants filed objections to the application of the county collector of LaSalle county for judgment against their lands for the first and second installments of a special assessment

levied by the commissioners of drainage district No. 1 of the town of Earl, in said county. The court, on motion of appellee, struck the objections from the files and rendered judgment ordering the lands sold to pay the installments.

Most of the objections question the legality of the organization of the drainage district on such grounds as that the meetings of the commissioners were not held at the time and place provided by law; that the commissioners changed the boundaries of the district as fixed in the original petition so as to include the lands of appellants, and that their lands are not in the same water-shed as other lands in the district and ought not to have been a part of the district. The objections admit the district to be a *de facto* corporation, and no objection to the legality of its organization is available in this collateral proceeding for the purpose of collecting an assessment. (*People ex rel.* v. *Dyer*, 205 Ill. 575.) One objection, designed to show a want of jurisdiction over the appellants or their lands for the purpose of including them in the district, is, that no notice was given to them of the first meeting of the commissioners of highways to consider the petition for the district. The organization was effected under the act entitled "An act to provide for drainage for agricultural and sanitary purposes and to repeal certain acts therein named," in force July 1, 1885. (Hurd's Stat. 1905, p. 799.) The notice to be given of the first meeting is provided for in section 12, and the only notices required in this case were to be posted in at least three public places.

The sixth objection alleges that the contract for the construction of the drainage ditch exceeded the sum of $500, and that said contract was let without notice having been given of the time and place of the letting thereof or of the kind or amount of work to be done, and without any opportunity for bidding or competition. Section 35 of the act provides that if the work exceeds $500 the commissioners shall cause notice to be given of the time and place of let-

ting contracts for the work and of the kind and amount of work to be done and where plans of the same may be seen, by publication for twenty days in some newspaper printed or published in the county. Counsel for appellee say that the court did not err in striking this objection from the files, for the reason that it was the duty of appellants to have proceeded in equity in apt time to prevent the doing of the work under the contract, and having failed to do so they cannot make the objection in this proceeding. They say that the appellants cannot acquire the benefit of the improvement by waiting until it has been completed and then object to paying for it, and that they cannot enjoy the benefits of the drainage ditch and defend against payment because of a violation of the law on the part of the commissioners. We cannot assent to that proposition as applied to this case. The design of the provision for letting contracts after publication and notice is to have the work done at the lowest price. The provision is for the benefit of the property owner, and it is not denied that he is entitled to the protection which it affords. The argument is, that he must be on the alert to prevent violations of law by the commissioners, and must invoke the aid of the court for that purpose or lose the benefit of the provision. The commissioners are only authorized by the law to let contracts where the cost of the work exceeds $500, after giving notice when and where the contract will be let, and they are only authorized to create a valid charge against the lands of individuals by a substantial compliance with the statute. A disregard of the statute would naturally lead to favoritism and the letting of contracts without such publicity as would insure the execution of the work at the most favorable price.

The case of *Givins* v. *People,* 194 Ill. 150, does not sustain counsel in their claim. In that case the contract contained a provision against alien labor, but the provision did not appear in the ordinance providing for the improvement

or any special or general ordinance of the city, and it was not shown that there was any such requirement in the advertisement, or that the provision was known to advertisers or affected the bidding. There being nothing to show that the bidding was subject to the illegal condition, the fact that it was found in the contract was not a defense. There was also an offer to prove that the contractor obtained the acceptance of its bid by stifling competition, and it was correctly held that if the property holder knew of grounds justifying a rejection of the bid it was his duty to make them known, so that the bid might be rejected. In the various other cases where questions of alien labor or union labor were involved it was not held that the objection would not have been good if the illegal agreement had entered into the bidding or was a condition upon which the contract was let. *Fiske* v. *People,* 188 Ill. 206; *Hamilton* v. *People,* 194 id. 133.

If the contract for the ditch in this case was, in fact, let without notice of the time and place of letting or of the kind or amount of work to be done and without any opportunity for competitive bidding, in disregard of the statute, we are of the opinion that the appellants had a right to make proof of the fact. If the law enacted for the protection of those who would be called upon to pay for the work was disregarded and the contract was let without notice or an opportunity for competition the appellants were deprived of a substantial right, and it would seem unreasonable to require them to supervise the acts of the commissioners and compel obedience to the plain mandate of the law by resort to the courts at their own expense. The court erred in striking that objection from the files.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*