(No. 20435.—

LOWER INDIAN CREEK DRAINAGE AND LEVEE DISTRICT *et al.* Appellees, *vs.* GUS VALLERY *et al.* Appellants.

*Opinion filed February 18, 1931.*

ORR, J., dissenting.

DONALD B. CRAIG, JAMES W. CRAIG, JR., FRED H. KELLY, and JAMES CRAIG VANMETER, for appellants.

Mr. JUSTICE STONE delivered the opinion of the court:

This is an appeal from an order of the county court of Cass county approving, with certain modifications, a contract entered into by six drainage and levee districts in the counties of Morgan and Cass for the construction of a joint

improvement at the estimated cost of $55,000. The petition for approval of this contract was filed in that court by the Lower Indian Creek Drainage and Levee District, Indian Creek Drainage and Levee District No. 2, Clear Creek Special Drainage District, Meredosia Lake Drainage and Levee District, Valley Drainage and Levee District and South Beardstown Drainage and Levee District, all of which districts, through their commissioners, had signed this contract. The contract provides for the construction of a joint main outlet, and levee adjacent thereto, extending through all of the several districts except the Clear Creek Special Drainage District, and for the maintenance of said outlet and levee. The contract deals in detail with the obligations of the various districts in the matter of the construction of the improvement. Plans were attached to the contract. Each district assumed certain obligations and was to receive certain benefits of that contract. Appellants, who are land owners within the various districts, filed either objections to the petition or motions to strike the same. On hearing the court amended the contract in certain particulars and approved it as amended.

A portion of the plan involved in this case was likewise involved in *Corcoran* v. *Mud Creek Drainage District,* 336 Ill. 211, where the location and physical condition of most of these districts are set out.

Appellants raise numerous issues on their assignments of error, the first of which is that this contract is without authority because not within the language of the statute permitting adjoining districts to construct joint improvements, for two reasons: First, that these districts are not adjoining; and second, that the authority conferred by the statute is limited to two adjoining districts.

The contract was entered into and petition in this case filed under the provisions of an act authorizing the construction of joint improvements in adjoining districts, approved June 27, 1913. (Laws of 1913, p. 276.) Section 1 of that

act provides: "That adjoining drainage districts, whether organized under the same or different laws of this State, may construct and erect a joint pumping station or joint pumping stations, ditches, levees, or other works, and may maintain and operate the same as hereinafter provided." Section 2 provides: "That whenever the commissioners of any adjoining drainage districts may determine that it is necessary or advisable to construct, erect, maintain and operate, a joint pumping station or joint pumping stations, ditches, levees, or other works for the joint use of both districts, they may enter into contract in writing providing for the construction, erection, operation and maintenance of the same, and providing for the apportionment of the cost of the same between said districts."

Counsel argue that these six districts are not adjoining districts within the meaning of the legislature. "Adjoin," as defined by standard lexicographers, means to join or unite to; to lie contiguous to; to be in contact with. (Webster's New Int. Dict.) Adjoining drainage districts, therefore, are those separated, at least in part, by a common boundary line. The plat filed with the petition in this case shows that no one of the six districts has a common boundary line with all the others, as, for example, the Lower Indian Creek Drainage and Levee District has a portion of its boundary line in common with the Indian Creek Drainage and Levee District No. 2 and the Valley Drainage and Levee District but has no common boundary line with Clear Creek Special Drainage District, Meredosia Lake Drainage and Levee District or South Beardstown Drainage and Levee District. So, Clear Creek Special Drainage District is shown to have a common boundary line with one but not with the four remaining petitioning districts. The South Beardstown Drainage and Levee District has a common boundary line only with the Valley Drainage and Levee District. While any one of the contracting districts may be said to be an adjoining district with the one so possessing a common

boundary line, yet it is contracting with other districts, parties to the contract, with which it has no common boundary line and to which it could not in any sense of the term be said to be an adjoining district.

Another reason why it is apparent that this contract is not within the contemplation of the statute is found in section 2 of the act referring to "both districts," and likewise the language providing for the apportionment of the cost of the improvement "between said districts." The word "both," as generally defined, means the one and the other; the two without the exception of either. (Webster's New Int. Dict.) In *Kuehner* v. *City of Freeport,* 143 Ill. 92, this definition was recognized and the word held to apply only to two and never as referring to three or more. Likewise the word "between," in general acceptance, contemplates not more than two.

We conclude, therefore, that the legislature did not intend that more than two districts should enter into a contract of this character, doubtless recognizing the improbability of the creation of more than two drainage districts each of which had a common boundary line with the others. Drainage districts are created by the legislature. They have only such powers as that body grants to them. (*People* v. *Garner,* 275 Ill. 228; *Corcoran* v. *Mud Creek Drainage District, supra.*) The appellee districts have no authority, under the statute, to execute the contract involved in this case, and the order of the county court amending and confirming the contract will be reversed and the cause remanded, with directions to sustain the objections filed to the petition.

*Reversed and remanded, with directions.*

Mr. JUSTICE ORR, dissenting.