(No. 24299)

C. A. PRANGE, Appellant, *vs.* L. P. O'MEARA, Appellee.

*Opinion filed February 16, 1938—Rehearing denied April 6, 1938.*

Orr, J., specially concurring.

William and Barry Mumford, and A. W. Schimmel, for appellant.

Weaver & Jenkins, for appellee.

Mr. Justice Wilson delivered the opinion of the court:

The McGee Creek Levee and Drainage District instituted in the circuit court of Pike county on October 25, 1932, a proceeding to foreclose the lien of the assessments for annual benefits to the land of C. A. Prange, trustee, and others, in that county and drainage district. A decree was rendered on June 7, 1934, ordering the sale of the lands described in the delinquent assessments. The drainage dis-

trict, on August 20, 1934, purchased the lands so ordered to be sold, and a receiver was placed in charge. The period of redemption under the statute would terminate August 20, 1936. The commissioners, on September 19, 1936, filed a petition in the circuit court for an order directing the execution of a deed to the drainage district.

Some time previous to the termination of the period of redemption there were negotiations between Prange and the attorney for the drainage district with respect to an agreement whereby the commissioners would execute a deed or deeds to a person or persons who might be designated by Prange. About December 1, 1936, the drainage commissioners appointed another attorney to represent the district. The substituted attorney advised Prange that the negotiations between Prange and the former attorney for the district could not be completed because the drainage district had no authority to make the agreement. Prange filed objections to the petition of the district for the execution of a deed to the district. Subsequently, the substituted attorney for the district, and two of the commissioners, made an oral agreement or attempted agreement with Prange that they would convey the lands in question to persons whom Prange might designate. Prange then withdrew his objections to the petition for deed filed by the commissioners. The proposed contract between the commissioners and Prange was reduced to writing but was never signed, and it was never approved by the commissioners as a corporate body in a formal meeting by a motion or resolution. In pursuance of the purported oral agreement a petition was filed on March 26, 1937, in the county court, seeking the approval of the court for the sale of the lands described in the petition to whomever Prange might designate. L. P. O'Meara, a landowner in the district, objected to the sale of lands to a person or persons designated by Prange, for the reason that the lands had a market value of more than the amount for which they were proposed to be sold, and that the objector was

ready, willing and able to pay the sum of $5000 cash for the land and to pay into court that amount to be turned over to the commissioners upon the execution and delivery by the commissioners to objector of a deed to the lands.

There was a hearing upon the petition and the objections. The commissioners, the attorney for the district and the receiver testified. There was testimony that the land proposed to be sold to a person or persons designated by Prange was worth in excess of $3500, and that $5000 would be paid. The county court then denied the petition. Prange prosecuted this appeal.

It is contended on behalf of the appellee that Prange is not a proper party to the suit and that the appeal should be dismissed. It was in pursuance of the purported oral agreement between Prange and the drainage commissioners that the petition for the sale of lands by the drainage district was presented. Although Prange filed no pleadings he was treated as a party, presented evidence by his attorney, objected to both oral and documentary evidence, provided the necessary bond for an appeal and presented his appeal to this court. Assuming that appellant Prange was a proper party in the county court and that this appeal was properly perfected the judgment of the county court must, nevertheless, be affirmed. The statute provides that any real estate acquired by a drainage district at a foreclosure sale may be sold at any time either at public or private sale, but such sale must be ordered or approved by the court in which the drainage district is organized. (State Bar Stat. 1935, chap. 42, sec. 34c, par. 33 (2), p. 1298.) The appellant contends that he deposited money with the district in order to carry out his contract and that he would have redeemed from the foreclosure except for that agreement, and that the repudiation of the contract by the commissioners should not be permitted. We have held that the action of drainage commissioners in entering into a contract which will fix a liability on the district must be approved by the court, and,

preliminary thereto, the landowners have a right to be heard. (*Corcoran* v. *Mud Creek Drainage District,* 336 Ill. 211.) The statute above cited requires that a sale of land by the commissioners must be approved by the court. Upon the filing of a petition for such purpose it would be a right of landowners in the district who would be affected to appear and object or be heard. Notices were posted in the district, the purpose of which was to advise persons interested of the proposed action of the drainage commissioners. The objector properly appeared and filed objections. Drainage and levee districts are public corporations, though not strictly speaking municipal corporations. (*Hunt Drainage District* v. *Harness,* 317 Ill. 292; *People* v. *Niebruegge,* 244 id. 82; *Elmore* v. *Drainage Comrs.* 135 id. 269.) They have only such powers as the legislature has expressly conferred or those which are necessarily implied. (*Lower Indian Creek Drainage District* v. *Vallery,* 343 Ill. 49; *Corcoran* v. *Mud Creek Drainage District, supra.*) Even though the right to object and be heard upon the petition provided for by the statute heretofore cited was not mentioned in the section in question such a right was necessarily incidental to such a hearing.

The appellant was chargeable with notice that a contract of the character here involved must be approved by the county court before it could be effective. It was as much his duty to see that the contract had the approval of the court as it was the duty of the drainage commissioners to act upon such a contract in a formal meeting by resolution or motion of which a written record should be kept. The contract could only be given effect by the county court. Upon the hearing of the petition for the sale of lands to whomever Prange might designate, evidence was heard that $5000 could be obtained from another prospective purchaser and that the value of the lands was in excess of $3500. The county court, therefore, denied the petition. The money which the appellant deposited with the drainage district

will be returned to him. We cannot hold that the county court abused its discretion in denying the petition for the sale of the lands in question to whomever the appellant might designate.

The judgment of the county court is affirmed.

*Judgment affirmed.*

Mr. JUSTICE ORR, specially concurring:

I do not agree with that portion of the foregoing opinion which assumes that appellant, Prange, was a proper party in the county court, since the Civil Practice act has not been made applicable to these proceedings.

Section 3 of the act granting circuit courts concurrent jurisdiction with county courts in all matters pertaining to the organization and operation of drainage districts provides that appeals may be taken direct to this court from final orders of the circuit or county courts in cases of this type. (Ill. Rev. Stat. 1937, chap. 37, par. 160.) The right to appeal is strictly statutory and only parties to the record can avail themselves of it. (*Cleveland* v. *Cleveland,* 225 Ill. 570.) We have held that a relator may not appeal from a judgment in a suit upon an information filed by the Attorney General, because he is not a party to the record. (*People* v. *Franklin County Building Ass'n,* 329 Ill. 582; *Hesing* v. *Attorney General,* 104 id. 292.) Similarly here, appellant, though financially interested in the outcome of the proceedings, was not a party to the record and was not entitled to seek a review of the order entered. The drainage commissioners were the unsuccessful petitioners in the county court—they were the persons directly affected by the order and they alone were entitled to prosecute an appeal. The appeal should have been dismissed.