Bituminous Casualty Corporation, Appellant, v. City of Harrisburg, Appellee.

76

Heard in this court at the October term, 1938.   Reversed and remanded.   Opinion filed November 8, 1939. Rehearing denied January 15, 1940.

A. E. Somers of Harrisburg, and W. C. Ropiequet, of East St. Louis, for appellant.

C. T. Flota, of Harrisburg, for appellee.

Mr. Presiding Justice Stone delivered the opinion of the court.

This appeal is prosecuted to reverse a judgment of the circuit court of Saline county against plaintiff in bar of action and for costs of suit.   The judgment is based upon a directed verdict.

At the outset of the consideration of this case we are confronted with two grave misapprehensions of the law.   The first is on the part of the trial court.   In its opinion at the hearing on the motion for peremptory instruction the court said, "In order for the city in this case to be responsible for compensation for any person that might have been injured in the city here, it must be shown that he was in the employment of the city of Harrisburg and not under control of some other agency or force.   The evidence on the part of the plaintiff here is conflicting to some extent as to that, but we must construe their evidence most strongly against them."   This is not the law of the State.   When a motion for peremptory instruction is made it must be construed most strongly against the party who makes it, and all reasonable intendments together with

the facts bearing on the plaintiff's side of the case must be resolved in his favor. He must have the benefit of them. His evidence is not to be construed most strongly against him. We know of no such holding. (*Sherwin v. City of Aurora*, 257 Ill. 458; *McCann v. Mayer*, 232 Ill. 507; *Mahlstedt v. Ideal Lighting Co.*, 271 Ill. 154.)

Courts of review will not ordinarily inquire into the state of mind which moves the court to enter a particular judgment providing the judgment is warranted; but such a view of the evidence on a motion might easily be the determining feature as to whether such a motion should be allowed.

The second is the contention by appellee that an adverse ruling on the admissibility of evidence which is not excepted to and preserved is not reviewable. This is not the law. Section 80 of the Civil Practice Act [Ill. Rev. Stat. 1937, ch. 110, § 204; Jones Ill. Stats. Ann. 104.080] provides as follows: "No formal exception need be taken to any ruling or action of the court in any matter or proceeding, in order to make such ruling or action a ground for review." It remains to be seen whether these errors are determinable of the issues in this case as they come here.

The plaintiff is engaged in the insurance of concerns which employ labor against accidents to persons while in such employ, in harmony with the practice under the Illinois Workmen's Compensation Act. As such it issued its policy to the defendant city with the usual provisions for the payment of compensation for injuries to its employees. A rider was attached to the policy which includes all persons working for the city who may be there by or through arrangements with the Illinois emergency relief commission. There is some dispute as to this rider being attached to the policy. However, the evidence tends strongly to show that it was. The usual allegations are contained in the

complaint to the effect that plaintiff did insure all persons working for the city of Harrisburg, and the evidence shows a large number were brought in through the Illinois emergency relief commission and performed a large amount of service, to amount to premiums to the extent claimed in the complaint. The record shows no dispute as to the amount. The city refused to pay and hence this lawsuit.

The defendant moved to strike the complaint and to make it more specific, both of these motions being denied by the trial court. The defendant city then filed its answer denying that the persons who came to the city of Harrisburg through the Illinois emergency relief commission were during the space alleged employed by the city of Harrisburg. They filed further answer alleging that the city never entered into any contract to hire these individuals and could not have done so except by a Yea and Nea vote of the city council on the question. It also alleged that at the time of the alleged hiring there was no appropriation made for the payment of the claimed compensation on such workers. The plaintiff in its reply denied this. Many technical allegations are made in the pleadings, but taken as a whole they resolve themselves into the one question: Were the men who came to work at the defendant city during the period in which it is claimed they worked for said city, in the employ of said city of Harrisburg? Was there a hiring by which the city became responsible to pay premiums to plaintiff on the coverage of these men by virtue of its policy with plaintiff?

The trial court obviously took the view that this was the only question involved. The question of the ability of the city to employ the men in question in the manner that it is alleged they were employed was not raised before the trial court; neither was the question of there being no appropriation to pay the debt in ques-

tion. The trial court apparently took the view that if these men were employed by the city there was a liability on the part of defendant to pay the premiums charged; if they were not, there was no liability on the part of the city. This raised a clear question of fact as to whether there was a hiring, whether the men who worked during the space claimed were in the employ of the city of Harrisburg. The evidence tends to show and does show that the city of Harrisburg entered into a contract with the Illinois emergency relief commission for the working out of certain projects by the men which said commission would furnish. Again there may be a question about the "entering in" to the contract. The contracts for some of the projects were made by the mayor-elect before he became mayor; others were made by him after he was mayor, and certain of them were signed by the finance commissioner of the defendant city. The men came to work at Harrisburg and went to work on the various projects outlined. The evidence shows that the street commissioner showed them where to begin work; it shows that the street commissioner at times did certain acts which amounted to a direction of the men; that he was with them and among them often. It further shows that all of the city officers had knowledge of the work that was being done; some of them at different times visited the projects that were being carried on and no one for the city made any objection or raised any question about the carrying out of the agreements which had been made. They sat by and saw the work go on; they knew it was going on; they knew that their officers had entered into some kind of an arrangement by which it should go on. The city got the benefit of the work.

These facts and circumstances together with their reasonable intendments and proper conclusions to be drawn from them raised questions of fact as to whether or not there was a hiring on the part of the

defendant city. In our judgment they were sufficient to warrant the court in submitting that question to the jury under proper instructions as to what would amount to a hiring or to employment.

That being our view of the situation we are of the opinion that it was clearly error for the court to direct a verdict in this case, and that its judgment in that regard should be, and it is hereby, reversed, and this case is remanded to the circuit court of Saline county for another trial in harmony with the views here expressed.

*Reversed and remanded.*