238

Bituminous Casualty Corporation, Appellant, v. City of Virginia, Appellee.

Gen. No. 9,319.

October term, 1941. Heard in this court at the Opinion filed February 24, 1942. Rehearing denied May 5, 1942.

EPLER C. MILLS, of Virginia, and W. C. ROPIEQUET, of East St. Louis, for appellant.

C. G. Colburn, of Virginia, for appellee.

Mr. Presiding Justice Hayes delivered the opinion of the court.

On March 5, 1935, the city council of the City of Virginia authorized the purchase of a workmen's compensation insurance policy on city workmen from the Bituminous Casualty Corporation. On March 7, 1935, that company issued a standard policy in favor of the village which provided among other things for an advance premium to be adjusted at the end of the policy year in order to determine the policy's earned premium which, it was agreed, should be based upon the actual remuneration received by all city employees during the policy period. This policy was in force from March 7, 1935 to May 15, 1936 when it was canceled by the city. During that time the earned premium figured on the basis of remuneration received by regular city employees amounted to $163.88. If the remuneration received by relief workers who performed labor in the city during the effective period of the policy is considered, the earned premium during that period amounted to eight hundred forty-one dollars and fifty-seven cents ($841.57). The casualty company claiming this entire amount presented a bill to the city for seven hundred thirty-five dollars and fifty-five cents ($735.55), the unpaid balance of this earned premium after deducting the advance premium of one hundred six dollars and two cents ($106.02) paid by the city when the policy was issued. The city refused to acknowledge this additional indebtedness and as a result the casualty company brought a suit in the circuit court of Cass county requesting a jury which resulted in a verdict for the defendant city. A motion for a new trial was granted the casualty company and after a second trial, another verdict for defendant was returned. The casualty company then filed a motion for judgment notwithstanding the ver-

dict which was allowed by the court in the sum of fifty-seven dollars and eighty-six cents ($57.86) and costs. The Bituminous Casualty Corporation has appealed to this court to reverse the judgment of the circuit court and prays judgment here for seven hundred thirty-five dollars and fifty-five cents ($735.55) and costs. The City of Virginia has prosecuted a cross-appeal from the judgment of $57.86 entered against it.

The judgment of the trial court assessed against the City of Virginia the difference between an earned premium computed on the basis of the actual remuneration of regular employees during the policy period and the advance premium paid by the city. We believe that its action in this regard was correct. The evidence clearly establishes a liability on the part of the city to pay any balance found due after the earned premium had been computed on the basis provided in the policy and the city has never contended that an employment relation did not exist between it and those regular employees whose remuneration was used in computing the earned premium. The city on its cross-appeal contends that because the trial judge refused to direct a verdict in favor of the casualty company at the close of all evidence he was precluded from entering the judgment he did on the motion of the casualty company for judgment notwithstanding the verdict. An examination of the record discloses that the motion of the casualty company at the conclusion of all the evidence asked that the jury be instructed to return a verdict for plaintiff in the sum of $735.55, which amount equaled the unpaid balance of the earned premium computed on the basis of the remuneration received by both regular and relief employees. The trial judge was clearly justified in refusing to so instruct the jury inasmuch as the record disclosed evidence that supported defendant's theory of the case. On the post-trial motion of the casualty company, which was general in nature, the trial judge was not

precluded from entering a judgment for that amount of plaintiff's claim to which the undisputed facts showed defendant city had no defense.

The statement from *Capelle v. Chicago & N. W. Ry. Co.*, 280 Ill. App. 471, to the effect that a trial judge who has denied a motion for an instructed verdict for defendant should not thereafter render a judgment for defendant notwithstanding the verdict but should order a new trial where the facts are disputed is not applicable here.

The major issue on this appeal concerns the liability of the City of Virginia for that part of the earned premium on its policy with the casualty company computed on the basis of the remuneration received by workmen on relief projects in the city. The casualty company introduced in evidence three applications for work relief projects filed with the Illinois Emergency Relief Commission which were signed by the mayor of the City of Virginia, on behalf of the applicant. Each of these applications was approved by the proper officers of the relief commission and it appears that pursuant to the provisions of the applications, workmen were supplied and three relief projects undertaken.

At the outset, it should be noted that two contractual relationships are involved in this case: that of insurer and insured between the Bituminous Casualty Corporation and the City of Virginia and the employer and employee relation between the city and the relief workers under the provisions of the purported contracts between the city and relief commission. No question is raised as to the validity of the contract of insurance but the city contends that the contracts with the relief commission were unauthorized and invalid. It appears from the record that applications for work relief were executed on behalf of the city by the mayor but it nowhere appears in the record that he had any authority to do so from the city council

and the casualty company admits that it is unable to make such proof. It contends, however, that because the contracts between the relief commission and the city were fully performed they must be considered binding and the workmen furnished pursuant to their terms considered regular employees of the city. In support of this it cites numerous cases holding that where a proprietary function of municipal government is involved, a city may be bound by a contract fully performed by the other contracting party even though the contract was executed by a municipal officer without authority or in some other irregular manner, where the action of the city in accepting the benefits of the contract constitutes a ratification of the original contract, creates an implied contract or raises an estoppel. We have examined these cases carefully and find that all but three of them involve the right of a municipality to raise as a defense against a party with whom it has contracted, an alleged irregularity in the execution of that contract. They are clearly not applicable here. The City of Virginia does not deny the validity of its contract with the casualty company. The precise question here is whether it can assert the invalidity of its purported contract with the relief commission as a defense to a suit on its insurance contract. We believe that it can do so. The benefits received by the city under its contracts with the relief commission flowed from that body and not from the casualty company. Thus the equitable reasons for interposing the doctrines of implied contract, ratification or estoppel do not appear in this case.

The casualty company has also cited the cases of *Avery v. City of Chicago*, 345 Ill. 640, 178 N. E. 351; *Westbrook v. Middlecoff*, 99 Ill. App. 327; and *Bituminous Casualty Corp. v. City of Harrisburg*, 303 Ill. App. 75. In the *Avery* case, a taxpayer sought to enjoin the continued performance of a contract between the City of Chicago and a dead animal disposal

company, alleging that the contract was void and in addition sought to compel the repayment to the city of moneys advanced pursuant to the executed portion of the contract. The Supreme Court enjoined performance of the executory part of the contract but refused to compel the return of payments already made and in so doing noted the benefits received by the city from the executed portion of the contract. In the *Westbrook* case this court refused to enjoin at the suit of a taxpayer, payments due under an otherwise fully executed building contract to which a city was a party. In both of these cases, the benefits accepted by the city were enjoyed by the taxpayer who sought to void the contract under which they were obtained. We said in the latter case: ''If a city which has received the benefits of a contract, not ultra vires, is estopped from interposing a defense based upon the manner in which the contract was made, individual taxpayers can not, by injunction, restrain the city from paying for or restoring the benefits.'' *Bituminous Casualty Corp. v. City of Harrisburg, supra,* involved a fact situation somewhat similar to the case at bar. The court there, however, merely decided that from the evidence before it, there was a question of fact as to whether the city had entered into a contract with the relief commission, which question should have been submitted to the jury. It therefore held that the trial judge erred in directing a verdict for the defendant city,—thus these cases are distinguishable from the case at bar.

The Bituminous Casualty Corporation was presumed, under the law of this State, to know the procedure which the City of Virginia was required to follow in order to validly enter into a contract with the relief commission. *Haas v. Lincoln Park Com'rs,* 339 Ill. 491, 171 N. E. 526. It was therefore presumed to know that a city can act only through its council at a regular or called session, *Selby v. Village of Win-*

*field,* 255 Ill. App. 67, and that where a contract is executed by an officer of a city, and his authority to do so, is later questioned, such authority must be shown. *City of Chicago v. Peck,* 196 Ill. 260; *Illinois Nat. Bank v. Town of Bois D' Arc,* 243 Ill. App. 587. Under these circumstances the casualty company must be held to have had notice that no regular employment relation existed between the City of Virginia and those workmen furnished by the Illinois Emergency Relief Commission. As a result, in computing the earned premium on its policy with the City of Virginia, it was not entitled to include the remuneration received by relief workers during the policy period, which remuneration as a matter of fact was paid by the Illinois Emergency Relief Commission and not by the City of Virginia.

The judgment of the circuit court of Cass county is therefore affirmed.

*Judgment affirmed.*