W. Q. O'Neall Company of Illinois, Appellant, v. Coon Run Drainage and Levee District of Counties of Morgan and Scott, Illinois, Appellee.

Gen. No. 9,381.

Opinion filed May 27, 1943.

EPLER C. MILLS and MYRON E. MILLS, both of Virginia, Ill., for appellant.

HUGH GREEN and VAUGHT, FOREMAN & CLEARY, all of Jacksonville, for appellee.

MR. PRESIDING JUSTICE RIESS delivered the opinion of the court.

The plaintiff company filed a suit at law in the circuit court of Morgan county against the defendant drainage and levee district, seeking recovery of the alleged contract price or market value of certain materials alleged to have been lawfully sold and delivered to the defendant district and used by it in the construction and repair of certain improvements in the nature of drains or sluiceways of alleged benefit to the defendant district and the lands located therein. Answer to the complaint as finally amended and praying legal or equitable relief was filed by the defendant district denying liability and pleading two special defenses, the first of which was a plea of *res judicata,* which was stricken by the court on plaintiff's motion and reply. No evidence was offered by either party. Plaintiff moved for judgment on the pleadings which motion was denied. Defendant also moved for judgment on the pleadings in bar of suit and for costs under its remaining defenses which motion was granted and judgment was so entered. The plaintiff company has perfected an appeal from the above rulings and judgment to this court and assigns error thereon.

The complaint, filed on December 27, 1940, charged in substance that plaintiff, the W. Q. O'Neall Com-

pany was an Illinois corporation; that defendant Coon Run Drainage and Levee District of Morgan and Scott counties, Illinois, is a public or municipal corporation organized in 1899 under certain cited levee and drainage acts approved May 29, 1879, as amended; (Drainage, ch. 42, Ill. Rev. Stat. [Jones Ill. Stats. Ann. 42.006 *et seq.*]) that on or about January 21, 1937, defendant district was about to construct certain improvements and make repairs pursuant to plans and profiles therefor, as prepared in connection with certain extensive improvements proposed to be made by the War Department of the United States and the Department of Public Works and Buildings of the State of Illinois; that on January 21, 1937, in order to carry out the work so specified, said district, by its commissioners agreed in writing, signed by the chairman, to purchase from plaintiff certain materials and supplies at stipulated unit prices, which purported memorandum agreement or signed order was dated December 30, 1936, and is set forth *verbatim* in paragraph 4 of the complaint and in "Exhibit I" thereto; that said merchandise was to be delivered to defendant at Bluffs, Illinois, its officers to notify plaintiff from time to time what portion thereof to deliver; that at defendant's request plaintiff sold and delivered the specified materials and items on the respective dates set forth in paragraph 5 of the complaint; that said material complied with said specifications, was received and is now being used by defendant as part of said works and improvements and was thereby ratified by the defendant, to the benefit of said drainage district and lands, of a total value, less materials returned, of $4,255.11, for which amount demand was made, defendant refused payment and judgment was prayed by plaintiff under its alleged executed contract or in *quantum meruit*.

Among the exhibits attached to the amended complaint were three delivery receipts and one final letter, all of different dates, covering delivery and certain re-

turn credits of items of such material or merchandise. A bill of particulars alleging certain "oral parts of agreement" with defendant's commissioners was filed by the plaintiff. The second and third counts of the original complaint were dismissed without prejudice on plaintiff's motion and the defendant commissioners who had been named and joined as individual defendants were dismissed from the suit.

Defendant's motion to dismiss the original complaint averred in substance that the district and commissioners possessed only such limited powers and authority to enter into contracts, make improvements and levy assessments as were expressly conferred by statute or necessarily implied under the applicable sections of said Drainage Act; that the complaint wholly failed to allege and set forth that proper and necessary legal steps were taken to authorize and empower the commissioners of the district to enter into the alleged contract for purchase of materials and failed to show compliance with various provisions and requirements of section 36 of said act as specifically recited in the motion, which steps and proceedings were averred to be necessary to authorize such proposed improvement or any purported contract or additional assessment levy to pay the cost of same; or of the filing of a proper petition followed by due hearing and order of approval of such proposed improvement by the county court; or of advertising and letting of a contract therefor to the lowest responsible bidder as required by section 36 of said act; wherefore said purported contract and alleged demand was "ultra vires" and void. This motion was heard and granted by the court, and by leave, the complaint was then amended in substance to include allegations of the filing of a petition for special assessments, hearing thereon and order of approval thereof by the county court of Morgan county on August 5, 1937, authorizing such proposed improvement pursuant to plans pre-

pared by the War Department, and by also adding paragraph 9 to said count 1, which latter amendment, after repeating certain preceding paragraphs, recites that the defendant, at its request, received, used and retained said material, goods and merchandise, for its own benefit in the repair and protection of the work of the district as provided in section 37 of said Drainage Act and alleged that said material is now being so used as a part of said work and improvements to the increased benefit and protection of the district and the lands comprising the same, and prayed recovery under a ''quantum meruit'' claim for the value thereof. The complaint as amended, also prayed for equitable relief predicated upon the performance and acceptance of the benefits of the alleged contract and estoppel to deny liability therefor.

Defendant filed a motion to dismiss the amended complaint, which motion was withdrawn by leave of court, and its answer and special defenses were then filed. The answer denied the validity of the alleged contract and right of recovery thereunder or in *quantum meruit,* averring in substance the same grounds that were set forth in its first motion to dismiss. For special defenses, including new matter set forth therein, it was averred that a petition was filed by the Drainage Commissioners of said district on July 20, 1937, in the county court of Morgan county for an extensive system of new improvements to be paid for by additional special assessments against the lands of said district, according to certain plans, specifications, profiles and engineer's estimates of cost thereof made by and in connection with the Federal and State governments as referred to in the amended complaint, involving an estimated expenditure by the Federal government of $187,000 and of $28,822 to be paid for by said district by special assessments against the real estate located therein, copies of which plans for such improvements under said purported contract between

the district and said Federal and State governmental agencies are specifically set forth, together with copies of the petition, plans, specifications and estimates which were attached as exhibits to defendant's special pleas. There was also averred, and set forth as exhibits to said pleas, copies of all orders and proceedings of the county court in relation thereto, including the hearing on said petition after due notice and order of court allowing said petition on August 5, 1937. The said petition, specifications, estimates and order set forth in detail the said proposed improvements in six itemized "divisions" for which such special assessments were sought, including "Division V," which set forth the various specified materials consisting of corrugated metal pipes of specified size and construction, metal gates, fittings and attachments designated for use in "The construction of sluiceways at the location, as follows": at unit prices therein recited, for use under a new levee to be built on lands to be acquired therefor, as set forth in other "Divisions" and integral parts of said proposed improvement, which were not therein listed as repairs or current annual expenses for the protection of said district under section 37 of the Drainage and Levee Act. The petition also prayed for an additional annual assessment of $1,000 to be used for current repairs and protection of the works of said district, which current expenses, because of such additional improvements, would be increased from $714 to $1,000 per annum and also set forth that the funds of said district had been exhausted.

It was further averred that subsequent to the entry of said order of court, no assessment roll was either filed or confirmed in said cause; that thereafter on October 23, 1937, upon petition of certain land owners of said district and due hearing thereon by said court alleging lack of jurisdiction of said court to enter the order of August 5, 1937 for reasons therein alleged, said petition was duly heard and allowed by the court

on November 18, 1937, and that the order of August 5, 1937 was thereupon vacated and set aside, which order of November 18 remains in force and effect and has not been set aside nor appealed from; that some days prior to the entry thereof, notices calling for bids for such work and material were published, and on October 30, 1937, plaintiff submitted a bid for such material under said "Division V" of specifications which bid was not accepted nor approved by the court and that the only material furnished by the plaintiff was that sued for and furnished long prior thereto under its purported contract without compliance with any order of court or with the mandatory requirements of the Drainage Act, wherefore the said purported contract or demand set forth in the complaint was ultra vires and void and that no recovery could be had thereunder, nor in *quantum meruit* for the alleged past indebtedness for materials and merchandise so furnished. The reply of plaintiff did not traverse the factual allegations concerning the county court proceedings and orders which were had and entered as set forth in the exhibits but disagreed with defendant's legal conclusions in relation thereto and insisted that it was entitled to a judgment on the pleadings under its motion therefor, either on an executed contract or in *quantum meruit* for the value of materials furnished to defendant, or, in the alternative for the sum of $2,623.73 as the alleged value of material delivered after August 5, 1937, when the county court order approving the petition for such improvement was entered and before said order was vacated on November 18, 1937; wherefore, plaintiff alleged that the defendant had ratified and is estopped from denying such claim and that the trial court erred in not granting plaintiff's motion for judgment in its favor on the pleadings.

In passing upon the respective motions for judgment on the pleadings, the court will consider only material

facts and allegations well pleaded and will disregard all surplusage and mere conclusions of the pleader.

It appears from such pleadings, exhibits and the uncontroverted court orders and proceedings herein that during the months of October, November and December 1936, certain verbal negotiations were had between the plaintiff and the commissioners of the defendant district and between the defendant and certain Federal and State governmental agencies relative to a proposed plan of improvement materially and extensively altering the existing levee and drainage system of said district and adjacent territory; that on January 21, 1937 several months before filing in the county court of Morgan county a petition for special assessments, plans, specifications, estimates and profiles for such proposed improvements on July 20, 1937, a purported memorandum agreement or order dated December 30, 1936, for certain materials consisting of corrugated metal pipes, metal gates, fittings and attachments to be furnished to defendant by plaintiff as recited in paragraph 4 of the complaint was subsequently signed by the plaintiff and by the chairman of the board of commissioners of the defendant district on January 21, 1937. It further so appears from the pleadings and exhibits that the materials in question were so described and set forth in itemized form in "Division V" of the specifications prepared by the U. S. War Department, and subsequently filed with the petition and were also described in the purported written contract or order dated December 30, 1936, and that various items thereof were delivered in April, June, August and September 1937, by the plaintiff company and received by said commissioners and that said material was used by the defendant toward the installation of a portion of the proposed new improvements contemplated in the petition and described in "Division V" of the above plans and specifications filed with and approved by the county court on Au-

gust 5, 1937, by an order which was subsequently vacated on November 18, 1937. They were not and could not be construed under the factual recitals, exhibits, allegations and pleadings herein to be for current repairs authorized under section 37 of the Drainage and Levee Act. The petition referred to was filed under section 36 and from all the pleadings and exhibits, it clearly appears that the parties well understood that these materials were and were intended to be a part of the contemplated improvement described and referred to in the petition in "Division V" and accompanying specifications. It also appears therefrom that they were no part of the expense of a preliminary survey or of attorney fees or other necessary preliminary expenses which could be collected in *quantum meruit* under authorities cited or otherwise than under a contract for the improvement lawfully entered into after an order of approval by the county court of said petition, plans and specifications on August 5, 1937, followed by a requisite notice, public competitive bids duly accepted and approved by the court as provided in section 36 of the Drainage Act. *Rogne v. People ex rel. Goedtner,* 224 Ill. 449, 79 N. E. 662.

Unless, thereafter the contract was made pursuant to statute after due notice and bids therefor as therein required, any attempt to enter into or ratify such alleged contract and thereby make the district or the land therein chargeable with the cost thereof for such past indebtedness not provided for in the petition for special assessment was ultra vires and beyond the powers of the commissioners and of said district and was void. The design of the provision for letting contracts after publication and notice is to have the work done at the lowest price. The provision is for the benefit of the property owner, and it cannot be denied that he is entitled to the protection which it affords. *Rogne v. People, supra.* The commissioners acted clearly in violation of the plain provisions of the stat-

ute when they undertook to enter into an oral or partly written and partly oral contract, on a private bid for an amount in excess of $500. *People v. Scanlan,* 265 Ill. 609, 107 N. E. 149. Any attempt to enter into such contract in disregard of or contrary to the provisions of the statute limiting the authority of the commissioners was invalid and the plaintiff was presumed to know the law in relation thereto.

The plaintiff has cited the case of *Kreitzer v. Barnes,* 331 Ill. 549, 163 N. E. 476, holding that a valid contract may be entered into with a drainage district after the assessment roll has been filed and before it has been confirmed as being applicable herein. It need only be said concerning such contention that the fact appears from the pleadings and is not controverted that no assessment roll was filed nor confirmed and that after the court order of August 5, 1937, no contract was at any time entered into after advertisement and competitive bids and acceptance of and approval thereof by the court, in compliance with statutory requirements. Before the amendment of section 37 of the Drainage Act in 1909, no assessment could be levied for the payment of liabilities incurred before such assessment was made. That amendment added to the purpose for which an assessment might be levied, the following words: "to pay obligations incurred for the current expenses of said district or in keeping in repair and protecting the work of such district." After that amendment became effective it was held by our Supreme Court that an assessment could be levied for obligations already incurred for current expenses and repairs made. *McGee Creek Levee & Drainage Dist. Com'rs v. Sides,* 336 Ill. 267, 274, 168 N. E. 283, and citations therein. As we have noted, in the instant case, the contract for the improvement provided for in the specifications and order of court and described in the alleged memorandum contract were not obligations incurred for current expenses of the district in keep-

ing the work in repair, but were for improvements petitioned for under section 36 of the act, which could not be availed of to pay past indebtedness, and no such past indebtedness was provided for or contemplated in the order of court approving specifications for such proposed improvements or "Division V" thereof. It is said in *Prange v. O'Meara,* 368 Ill. 362, 14 N. E. (2d) 220, by the Supreme Court, at page 365, that "We have held that the action of drainage commissioners in entering into a contract which will fix a liability on the district must be approved by the court, and preliminary thereto, the land owners have a right to be heard. (*Corcoran v. Mud Creek Drainage District,* 336 Ill. 211.)" It is not even contended that prior to the purported memorandum contract dated December 26, 1936, any hearing was had at which landowners were heard or that the same was ever authorized or approved by the commissioners as a corporate body in a formal meeting by a motion or resolution. In *Prange v. O'Meara, supra,* it is further said (page 366) that "Drainage and levee districts are public corporations, though not strictly speaking municipal corporations. (*Hunt Drainage District v. Harness,* 317 Ill. 292, 148 N. E. 44; *People v. Niebruegge,* 244 id. 82; *Elmore v. Drainage Commissioners,* 135 id. 269.) They have only such powers as the legislature has expressly conferred or those which are necessarily implied. (*Lower Indian Creek Drainage District v. Vallery,* 343 Ill. 49, 174 N. E. 842; *Corcoran v. Mud Creek Drainage District, supra.*)"

The case most frequently cited by the courts of review of this State involving the right to recover against a drainage district upon an alleged executed contract or in *quantum meruit,* was that of *Badger v. Inlet Drainage District, supra,* cited in *Corcoran v. Mud Creek Drainage District, supra,* and numerous subsequent cases. In the *Badger* case, the drainage commissioners entered into a contract with Badger and

Son whereby the latter agreed to remove a private dam and do certain other work for the district, for which the commissioners agreed to pay $1,700 and to levy an assessment against the landowners to pay the costs thereof. Badger and Son performed their part of the agreement by doing the work and removing the dam. The drainage commissioners then made an assessment, but its collection was enjoined by the landowners. Badger and Son then filed suit and sought recovery in *quantum meruit* for the work and materials furnished, contending that the district and commissioners had received the benefits of the executed contract and were estopped from denying the validity thereof. Judgment against the plaintiff and in favor of the district was entered and was affirmed by the Supreme Court on appeal. The court therein pointed out the limited authority of the commissioners under the act and that they could not, by their acts and conduct, enlarge their powers over the property resulting ·in a judgment against the district, which could only be satisfied by a special assessment and that neither the commissioners nor landowners were estopped from defending such suit by showing that the alleged contract, although executed, was ultra vires and void. *DeKam v. City of Streator,* 316 Ill. 123, 137, 146 N. E. 550. In the recent case of *Bituminous Casualty Corp. v. City of Virginia,* 314 Ill. App. 238, 41 N. E. (2d) 342, wherein the statutory powers of a municipality were much broader than those possessed by the defendant district under the respective statutory provisions, we held that where a contract is executed by an officer of a city, and his authority to do so is later questioned, such authority must be shown; that plaintiff was presumed under the law of this State to know the procedure which the municipal corporation was required to follow in order to enter into a valid contract, citing *Haas v. Lincoln Park Com'rs,* 339 Ill. 491, 171 N. E. 526, wherein it is held that equity will enjoin public

officers from spending public funds derived from taxation to carry out a contract in violation of law, and we are constrained to hold herein that no allegations entitling the plaintiff to equitable relief are set forth in the pleadings. In the case of *Bituminous Casualty Corp. v. City of Virginia, supra,* we also held that the plaintiff is presumed to know that a city can only act through its city council and at a regular or called session thereof. That rule of law applies with equal force to the Board of Drainage Commissioners herein. Here, no factual controversy requiring the hearing of evidence arose, no evidence was offered by either party and this case was properly decided upon motions of the respective parties for a judgment on the pleadings.

We hold that the trial court did not err in denying the motion of the plaintiff for judgment on the pleadings nor in allowing the motion of defendant and entering judgment thereon in favor of the defendant in bar of suit and for costs. The judgment and orders of the circuit court of Morgan county are, therefore, affirmed.

*Judgment affirmed.*